OPINION
Appellant Arnold Nicholas appeals a judgment denying his motion to stay proceedings in the Common Pleas Court pending arbitration (00CA27):
ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR STAY OF PROCEEDINGS PENDING ARBITRATION WHERE APPELLANT HAD PROPERLY ASSERTED HIS RIGHT TO ARBITRATE ALL DISPUTES AS AN AFFIRMATIVE DEFENSE IN HIS ANSWER, HAD TIMELY FILED A MOTION FOR STAY OF PROCEEDINGS AND BEHAVED IN A MANNER THAT DID NOT DEMONSTRATE WAIVER OF HIS CONTRACTUAL RIGHT TO ARBITRATE THIS DISPUTE.
Appellant William Nicholas appeals a judgment overruling his motion to vacate a default judgment against him (00CA32):
 THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT, PURSUANT TO OHIO RULE OF CIVIL PROCEDURE 60 (B), WHERE APPELLANT PRESENTED THE MERITORIOUS DEFENSE THAT HE WAS NOT INVOLVED IN ANY BUSINESS TRANSACTION WITH THE APPELLEES, PROVED THAT HE IS ENTITLED TO RELIEF BASED ON MISTAKE AND EXCUSABLE NEGLECT, SINCE HE DID NOT EVIDENCE A COMPLETE DISREGARD FOR THE JUDICIAL SYSTEM, AND TIMELY FILED HIS MOTION FOR RELIEF.
Appellees Willard and Donna Roe filed the instant action in the Guernsey County Common Pleas Court on November 30, 1999, alleging breach of contract, fraud, misrepresentation, fraudulent concealment, breach of warranty, violation of the Ohio Consumer Sales Practices Act, conspiracy, and aiding and abetting. After appellant Arnold Nicholas filed a mechanics lien on the property, appellees amended their complaint to add an allegation of slander of title. The complaint stemmed from the purchase of construction services from appellant, pursuant to a contract dated July 30, 1999. In his pro se answer, appellant Arnold Nicholas denied the allegations against him, and pled numerous affirmative defenses, including that the contract between the parties required arbitration of all disputes. On August 10, 2000, counsel appeared for appellant Arnold Nicholas. On August 11, 2000, appellant moved the court for a stay of proceedings for arbitration pursuant R.C. 2711.02. The court denied the motion to stay, based on the untimeliness of appellant's motion, and the pending dispute as to the validity of the contract. On March 29, 2000, the court entered default judgment against appellant William Nicholas. On September 28, 2000, appellant moved the court to set aside the default judgment pursuant to Civ.R. 60 (B). He claimed that he mistakenly believed that the answer filed pro se by Arnold Nicholas would act as a response on his behalf, as he had no involvement in this subject matter of the lawsuit. The court denied the motion to vacate. The appeals of Arnold and William Nicholas have been consolidated by order of this court on November 15, 2000.
I. Arnold Nicholas R.C. 2711.02 requires a court to stay an action if the issue involved falls under an arbitration agreement. To defeat a motion for stay brought pursuant to R.C. 2711.02, a party must demonstrate that the arbitration provision in the contract at issue, and not merely the contract in general, was fraudulently induced. A.B.M. Farms, Inc. v. Woods (1998), 81 Ohio St.3d 498, syllabus. In order to prove fraud in the inducement, a plaintiff must prove that the defendant made a knowing, material misrepresentation with the intent of inducing the plaintiff's reliance, and the plaintiff relied on that misrepresentation to her detriment. Id. at 502. A claim of fraudulent inducement fails in the face of an admission that the party simply did not read the contract. Id. at 503. A person of ordinary mind cannot be heard to say he was misled into signing a contract which was different from what he intended, when he could have known the truth merely by reading what he signed. Id. In the instant case, appellees did not assert that the arbitration clause itself was fraudulently induced. Like the plaintiff in A.B.M. Farms, appellees argued that the arbitration clause was never discussed with them and they were "completely unaware of its existence at the time the contract was signed." Memorandum in opposition to stay, page 3. In count 2 of the amended complaint, alleging fraud and misrepresentation, appellees generally alleged that Arnold Nicholas made misrepresentations, with the purpose of inducing appellees into relying upon them, in entering the contract. In addition, in count 3, fraudulent concealment, appellees allege that Arnold Nicholas failed to reveal certain facts concerning licensing and building permits. At no point in the proceedings did appellees assert that the arbitration clause itself was fraudulently induced. Appellees argue that pursuant to Williams v. Aetna Finance Company (1998), 83 Ohio St.3d 464, cert. denied (1999),526 U.S. 1051, the arbitration clause is unenforceable, as it is unconscionable as an adhesion contract. Williams is distinguishable from the instant case. In Williams, the plaintiff filed an affidavit in the trial court regarding the inclusion of an arbitration clause in a loan agreement, to support her challenge to the validity of the arbitration clause. Id. at 472. In the instant case, the record does not support a finding that appellees challenged the validity specifically of the arbitration clause. Rather, they merely claimed they were unaware of its existence in the contract, when they could have discovered the provision by reading the contract. The court also found that appellant's assertion of the right to arbitrate was untimely. When enacting R.C. 2711.02, the General Assembly did not specify at what point in the litigation process a party must file an application for stay in order to preserve the right to arbitrate. To prove that the defending party waived its right, the plaintiff is required to demonstrate that the defendant knew of an existing right to arbitration, and acted inconsistently with that right. Harsco Corporation v. Crane Carrier Company (1997), 122 Ohio App.3d 406,414. Appellees can easily demonstrate that appellant knew of his contractual right to compel arbitration, as he raised the arbitration agreement as an affirmative defense in his answer. Thus, the issue is whether appellant acted inconsistently with his right to arbitrate. The determination of whether a party acted inconsistently with a right to arbitration is based on the totality of the circumstances. Id. at 414. These circumstances include: (1) any delay in bringing the motion to stay the proceedings; (2) the extent of the moving party's participation in the litigation, including discovery, motions, and trial dates; (3) whether the moving party has invoked the court's jurisdiction through counterclaims or other actions, and (4) whether the non-moving party has been prejudiced by such actions. Id. A stay of proceedings pending arbitration may be filed after the defending party answers the complaint if the arbitration clause is affirmatively pled in the answer, and the defending party's conduct, based on the totality of the circumstances, does not demonstrate a waiver of the clause. Id. at 416. In the instant case, appellant pled in his answer the right to arbitrate as an affirmative defense, and requested that the litigation be dismissed to pursue this avenue. The motion to stay was filed six months after appellant filed his answer, but almost immediately after counsel for appellant entered an appearance. Further, appellant's participation in the litigation process during the six month time period was minimal. He initially participated in the scheduling of depositions, but canceled the depositions on the morning on which they were set to occur. On June 7, 2000, the court issued a scheduling order setting various cutoff dates and a trial date, and appellant was served with a copy of this order. On August 1, 2000, ten days before filing his motion to stay, appellant filed a motion to continue the trial date. In the motion to continue, he stated that he intended to engage counsel to represent him. Based on a totality of circumstances, we find appellant's participation in the litigation process was not inconsistent with his right to arbitrate. By raising the arbitration clause as an affirmative defense in his answer, and not acting inconsistently with the right to arbitrate, appellant did not waive the right to arbitrate. The court abused its discretion in overruling appellant's motion to stay the proceedings and compel arbitration. Appellant Arnold Nicholas' assignment of error is sustained.
II — William Nicholas Appellant William Nicholas argues that the court erred in overruling his motion, pursuant to Civ.R. 60 (B)(1) and (5), to set aside the default judgment against him. It is well settled that in order to obtain relief from judgment, the party must demonstrate that he is entitled to relief under one of the grounds stated in Civ.R. 60 (B)(1)through (5); that he has a meritorious defense or claim to present if relief is granted; and that the motion is made with a reasonable time. GTE Automatic Electric v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. The decision of a trial court as to whether to grant a motion for relief from judgment pursuant to Civ.R. 60 (B) is reviewed on an abuse of discretion standard. Id. at 153. In the instant case, appellant argued that he believed the pro se answer, filed by appellant Arnold Nicholas, sufficed as an answer on his behalf. There is no bright line test to determine whether a party's neglect has been excusable or inexcusable. D.G.M., Inc. v. Cremeans Concrete and Supply, Inc. (1996), 111 Ohio App.3d 134, 138. Such determination must be made from all the individual facts and circumstances in the case. Id. A failure to plead or respond after admittedly receiving a complaint is not excusable neglect. Id. at 139. Likewise, the neglect of an individual to seek legal advice after being served with court papers is not excusable. Id. In the instant case, the only supporting evidence appellant provided to support his claim was an affidavit of Arnold Nicholas. This affidavit does not included any evidence concerning the issue of excusable neglect, but rather states that William Nicholas had no interest in the business, and no involvement in the relationship with appellees. Appellant's mere allegation in his motion that he assumed his son's answer would suffice as an answer on his behalf is insufficient to support the claim for relief from judgment. The court did not abuse its discretion in overruling the motion. The assignment of error is overruled.
The judgment of the Guernsey County Common Pleas Court overruling the motion of appellant Arnold Nicholas to stay the proceeding and compel arbitration is vacated. The judgment of the Guernsey County Common Pleas Court against William Nicholas is affirmed. This case is remanded to that court for further proceedings according to law.
 ________________ Gwin, P.J.,
Boggins, J., concur Hoffman, J., concurs in part dissents in part