JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants, Christine Neubauer and Michael Neubauer ("appellants"), appeal the order of the Cuyahoga County Common Pleas Court granting the motion to stay litigation pending arbitration and to compel arbitration filed by defendants-appellees, Household Finance Corporation, Household Realty Corporation, Household Life Insurance, Wesco Insurance Company, Robert Garacic, Susan Travis and Robert Johnson ("appellees"). For the reasons set forth below, this court reverses and remands.
 {¶ 2} Appellants filed their lawsuit against appellees on October 17, 2001. In their complaint, appellants claim, albeit inartfully, that they were fraudulently caused to enter into a home refinancing loan agreement[1] on January 24, 2001, for the total amount of $120,581.50. Appellants claim that they rescinded the agreement on January 29, 2001, but appellees have failed to terminate the security interest mortgage and return money and property paid by appellants in connection with the transaction.
 {¶ 3} Appellants further alleged that appellees violated various federal and state statutes including, the Home Ownership Equity Protection Act, Section 1639, et. seq., Title 15, U.S. Code; the Real Estate Settlement Procedures Act, Section 2601 et. seq., Title 12, U.S. Code; the Ohio Consumer Sales Practices Act, R.C. 1345.01, et. seq.; and the Truth in Lending Act, Section 1601 et. seq., Title 15, U.S. Code. The complaint also contained appellants' demand for a jury trial.
 {¶ 4} On January 7, 2002, appellees filed their answer wherein they denied the allegations in the complaint and raised the affirmative defense of arbitration on the basis that the dispute was subject to a valid, written agreement to arbitrate. Appellees argued that the litigation should be dismissed or stayed pending arbitration pursuant to R.C. 2711.01 et. seq.
 {¶ 5} Appellees simultaneously filed a motion to stay litigation pending arbitration and to compel arbitration. In their motion, appellees' argued that, as part of the loan transaction, appellants signed an Arbitration Rider. Thus, appellants were bound by the agreement to arbitrate the allegations contained in the complaint once appellees elected to pursue arbitration. Appellees then argued that because the Arbitration Rider contained a provision that it should be governed by the Federal Arbitration Act, Title 9, U.S. Code Sections 1-16 (FAA), that the matter is properly analyzed under FAA rather than R.C. 2711.02.
 {¶ 6} On January 22, 2002, appellants filed both their motion requesting a hearing, to determine the validity and enforceability of the Arbitration Rider, and a motion to vacate appellees' motion to stay and compel arbitration. In their motion to vacate, appellants argued that (1) the Arbitration Rider is invalid and that based on R.C. 2711.03 such issue must be resolved at trial; (2) alternatively, if the Arbitration Rider is valid, the FAA provision applies only to those actions brought in federal court and this matter is governed by the Ohio Arbitration Act, R.C. 2711.01; (3) appellants have waived their right to arbitration by filing the instant lawsuit; (4) the Arbitration Rider is unconscionable; and (5) because they rescinded the loan agreement any agreement to arbitrate was also canceled.
 {¶ 7} The trial court held a pretrial hearing on February 22, 2002, and subsequently, on May 22, 2002, the trial court issued its journal entry wherein it granted appellees' motion to compel arbitration. The trial court did not include the reasoning or analysis upon which this judgment was based. There is no ruling on the appellants' motion to vacate, thus we presume that the trial court denied this motion.
 {¶ 8} Appellants appeal the order compelling arbitration and submit a single assignment of error for our review, as follows:
 {¶ 9} "Whether the trial court erred in upholding the arbitration agreement."
 {¶ 10} In determining whether the trial court properly denied or granted a motion to stay the proceedings and compel arbitration, the standard of review is whether the order constituted an abuse of discretion. Strasser v. Fortney Weygandt, Inc. (Dec. 20, 2001), Cuyahoga App. No. 79621. See also, Reynolds v. Lapos Constr., Inc. (May 30, 2001), Lorain App. No. 01CA007780; Harsco Corp v. Crane Carrier Co.
(1997), 122 Ohio App.3d 406, 410. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} The Ohio Arbitration Act is set forth in R.C. Chapter 2711. R.C. 2711.02(B) requires the following:
 {¶ 12} "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."
 {¶ 13} Presumably, the trial court found that this matter was referable to arbitration under an agreement in writing, the Arbitration Rider, and in accordance with R.C. 2711.02(B), it compelled arbitration. An order which grants or denies a stay of the proceedings pending arbitration is a final appealable order and may be reviewed by this court. R.C. 2711.02(C). See also, Sexton v. Kidder Peabody Co.
(Mar. 7, 1996), Cuyahoga App. No. 69093.
 {¶ 14} This case presents the single issue of whether the dispute between the parties is governed by a valid, written agreement to arbitrate. The Arbitration Rider, executed along with the other loan documents, provides as follows:
 {¶ 15} "This Arbitration is signed as part of your Agreement with Lender and is made a part of that Agreement. By signing this Arbitration Rider, you agree that either Lender or you may request that any claim, dispute, or controversy (whether based upon contract; tort, intentional or otherwise; constitution; statute; common law; or equity and whether pre-existing, present or future), including initial claims, counterclaims, and third party claims, arising from or relating to this Agreement or the relationships which result from this Agreement, including the validity or enforceability of this arbitration clause, any part thereof or the entire Agreement ("Claim"), shall be resolved, upon the election of you or us, by binding arbitration pursuant to this arbitration provision and the applicable rules or procedures of the arbitration administrator selected at the time the Claim is filed. * * *"
 {¶ 16} "This Arbitration Rider is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. § 1-16 (the "FAA")."
 {¶ 17} It is well established that Ohio and federal courts encourage arbitration to settle disputes between parties. ABM Farms,Inc. v. Woods (1998), 81 Ohio St.3d 498, 500. In fact, there is a strong presumption in favor of arbitration. David Wishnosky v. Star-Lite Bldg. Dev. Co. (Sept. 7, 2000), Cuyahoga App. No. 77245, at 9-10. However, in the instant case, the trial court's order compelling arbitration was premature. It must first be determined that a valid, written agreement to arbitrate is in existence. The record reveals that the validity and enforceability of the agreement to arbitrate is in dispute. Nothing in the record demonstrates that the trial court made a specific determination that the agreement to arbitrate was or was not enforceable based on unconscionability or other grounds, including fraudulent inducement.
 {¶ 18} This court has previously held that in matters where the existence of an arbitration agreement is in issue, a trial on the issue is required. Schroeder v. Shearson, Lehman Hutton, Inc., (Apr. 25, 1991), Cuyahoga App. No. 60236, at 6. Further, "arbitration is a matter of contract and, in spite of the strong policy in its favor, a party cannot be compelled to arbitrate any dispute which he has not agreed to submit." (Citations omitted). Id. at 7.
 {¶ 19} Where an agreement to arbitrate is not in full force and effect, the trial court does not err when it denies a motion to compel arbitration. Wishnosky at 12. "Without sufficient evidence of the existence of a written agreement to arbitrate the disputed claims, the trial court is left with no alternative but to deny the motion and proceed with litigation. ACRS Inc. V. Blue Cross Blue Shield
(1988), 131 Ohio App.3d 450, 457, 722 N.E.2d 1040." Wishnosky at 12.
 {¶ 20} We depart from Forest City Enterprises, Inc. v. Dougan
(Dec. 11, 1980), Cuyahoga App. No. 42209, which held that an arbitration clause could not be revoked by reason of breach of the contract and that rescission for breach of contract did not constitute "revocation" under section R.C. 2711.01.
 {¶ 21} R.C. 2711.01(A) provides:
 {¶ 22} "(A) A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract."
 {¶ 23} Likewise FAA Section 2, Title 9, U.S. Code, provides:
 {¶ 24} "A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
 {¶ 25} We find that R.C. 2711.01(A) and FAA Section 2, Title 9, U.S. Code, do not preclude the rescission of the loan agreement and thereby the cancellation of the Arbitration Rider. Appellants advance that grounds exist at law or in equity for the rescission or revocation of the Arbitration Rider. Pursuant to Section 1635(a), Title 15, U.S. Code, the obligor has the right to rescind the transaction until midnight of the third business day following the consummation of the transaction. Here, the appellants executed the loan agreement on Wednesday, January 24, 2001, and appear to have timely rescinded the loan agreement on Monday, January 29, 2001.
 {¶ 26} Further, appellants claim the Arbitration Rider is revocable based on their claims of unconscionability, duress, undue influence, mistake and frustration. If the arbitration provision is found to be unconscionable, it will not be enforced. Sikes v. Ganley PontiacHonda (Sept. 13, 2001), Cuyahoga App. No. 79015, at 6. "Under Ohio law, a contract clause is unconscionable where there is the absence of meaningful choice on the part of one of the parties to a contract, combined with contract terms that are unreasonably favorable to the other party. Collins v. Click Camera Video, Inc. (1993), 86 Ohio App.3d 826,834. It is determined by application of a two-part test: (1) are there unfair and unreasonable contract terms, i.e., `substantive unconscionability;' and (2) are there individualized circumstances surrounding each of the parties to a contract such that no voluntary meeting of the minds was possible, i.e., `procedural unconscionability.' Id." Sikes at 6. As in Sikes, this matter should be reversed and remanded in order to determine the validity and enforceability of the Arbitration Rider and to develop additional facts with respect to whether the arbitration agreement is unconscionable.
 {¶ 27} We do not reach the issue of whether appellants demonstrated that they were fraudulently induced to enter into the Arbitration Rider or its severability from the loan agreement. However, we note that in this regard the Supreme Court of Ohio, in ABM Farms,Inc. v. Woods (1998), 81 Ohio St.3d 498, held that "to defeat a motion for stay brought pursuant to R.C. 2711.02 a party must demonstrate that the arbitration provision itself in the contract at issue, and not merely the contract in general, was fraudulently induced." ABM Farms, syllabus. See also, Krist v. Curtis (May 18, 2000), Cuyahoga App. No. 76074.
 {¶ 28} Accordingly, the trial court erred when it compelled arbitration in this case and appellants' single assignment of error is sustained.
 {¶ 29} Judgment is reversed and remanded.
 {¶ 30} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
 {¶ 31} It is, therefore, considered that said appellants recover of said appellees their costs herein.
 {¶ 32} It is ordered that a special mandate be sent to said court to carry this judgment into execution.
 {¶ 33} A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., AND JAMES J. SWEENEY, J., CONCUR
Arbitration — Unconscionability — Rescission
[1] Appellants refer to the following loan documents, attached to the complaint and signed by appellants, including a Mortgage Note, Credit Life Agreement, Truth in Lending Disclosure Statement, and Settlement Statement.