This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Cluster Homes, Inc., appeals the decision of the Akron Municipal Court, which denied appellant's oral motion to stay trial proceedings in order to pursue arbitration. This Court affirms.
 I.
{¶ 2} Appellant is in the business of constructing homes. Appellant and appellee, Montecalvo Electric, entered into a contract whereupon appellee agreed to wire three homes being constructed by appellant. The contractor/subcontractor agreement the parties signed contained the following arbitration provision: "In the event a dispute between subcontractor and contractor can not be resolved, it will be taken before arbitration as provided by the American Arbitration Association, construction division, in Cleveland or Akron, Ohio." [Sic.]
{¶ 3} Appellee states it wired the three homes and received the final approval from the city of Akron building department on one of the homes. Appellee further claims it tried to receive final approval on the remaining two homes, but was denied access by appellant. Appellee subsequently billed appellant for the work it had completed on the three homes and appellant refused to pay the full amount due appellee under the contract.
{¶ 4} Appellee filed a complaint against appellant for breach of contract, account, and unjust enrichment. Appellant answered and filed a counterclaim against appellee. Discovery ensued and the trial date for the parties was rescheduled twice over the next several months. When appellant and appellee finally appeared before the court for the first day of trial, appellant made an oral motion for a stay of the proceedings to take the dispute to arbitration. The trial court denied the motion, granted an order denying the stay, and continued the trial.
{¶ 5} Appellant timely appealed from this order and sets forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
{¶ 6} "THE LOWER COURT ABUSED ITS DISCRETION BY DENYING DEFENDANT-APPELLANT, CLUSTER HOMES, INC.'S MOTION TO STAY PURSUANT TO O.R.C. 2711.02."
{¶ 7} In its sole assignment of error, appellant argues that the trial court abused its discretion when it denied appellant's motion to stay the trial proceedings pending arbitration between the parties. This Court disagrees.
{¶ 8} This Court has held that "[t]he denial of a motion to stay proceedings and refer a matter to arbitration is subject to review only for an abuse of discretion." Jones v. Fred Martin Motor Co., 9th Dist. No. 20631, 2002-Ohio-716, at ¶ 7, citing Harsco Corp. v. CraneCarrier Co. (1997), 122 Ohio App.3d 406, 410. "An abuse of discretion connotes more than an error of law or judgment, but implies that the judgment can be characterized as unreasonable, arbitrary or unconscionable. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court." (Citations omitted.) Id.
{¶ 9} In MGM Landscaping Contractors, Inc. v. Berry (Mar. 22, 2000), 9th Dist. No. 19426, this Court explained parties' ability to waive their right to arbitration:
{¶ 10} "The law of Ohio favors arbitration as an alternative method of dispute resolution. Pursuant to R.C. 2711.02, a court may stay trial of an action `on application of one of the parties' if (1) the action is brought upon any issue referable to arbitration under a written agreement for arbitration, and (2) the court is satisfied the issue is referable to arbitration under the written agreement. When a party does not properly raise the arbitration provision of a contract before the trial court, he is deemed to have waived arbitration.
{¶ 11} "A plaintiff's waiver may be effected by filing suit. When the opposite party, the potential defendant, is confronted with a filed lawsuit, the right to arbitrate can be saved by seeking enforcement of the arbitration clause. This is done under R.C. 2711.02 by application to stay the legal proceedings pending the arbitration. Failure to move for a stay, coupled with responsive pleadings, will constitute a defendant's waiver." (Citations omitted.)
{¶ 12} It is well settled that "`[t]he waiver doctrine was formulated to ensure that an otherwise absolute right to arbitrate must yield, at times, when justified by public policy considerations of judicial economy and detrimental reliance.'" Klatka v. Seabeck (Aug. 9, 2000), 9th Dist. No. 19787, quoting Manos v. Vizar (July 9, 1997), 9th Dist. No. 96CA2581-M. See, also, 98 A.L.R.3d 767, at 771-773.
{¶ 13} This Court has stated that "[a] party's waiver of a right to arbitration `typically requires knowledge of a right to arbitrate and actions inconsistent with that right that usually involve delay and prejudice to the adverse party.'" Klatka, quoting Manos. Accordingly, this Court must focus on whether appellant had knowledge of the arbitration provision in the parties' contract and acted in a manner inconsistent with this right such that it would delay and prejudice appellee to allow arbitration.
{¶ 14} In the present case, the contract between the parties contained an arbitration provision. The contract was signed by the parties on September 29, 1999. Appellant had knowledge of this arbitration provision as it was within appellant's personalized contractor/subcontractor agreement forms, which included appellant's name and address preprinted throughout the forms.
{¶ 15} In spite of its knowledge of the arbitration provision, appellant acted in a manner inconsistent with its right to seek arbitration, rather than litigation, to resolve its contract dispute. Appellee filed its complaint against appellant on October 24, 2001. On December 4, 2001, appellant filed its answer, along with a counterclaim, through Richard Silver, who signed such as pro se for appellant. Both parties filed extensive discovery, requesting production of documents, interrogatories, and admissions from each other.
{¶ 16} Trial was initially set for February 5, 2002. Both parties requested a continuance, and the court reset trial for March 28, 2002. On February 11, 2002, appellee filed a motion to preclude Mr. Silver from pro se representing appellant corporation. The trial court granted the motion on February 25, 2002, precluded Mr. Silver from representing appellant, and ordered all pleadings filed by Mr. Silver be stricken from the record of the case. The date for trial was again postponed to allow appellant time to retain proper legal counsel for the case.
{¶ 17} On March 29, 2002, a notice was filed that appellant was represented by legal counsel, and appellant requested additional time to plead to answer appellee's complaint. On April 15, 2002, appellant filed its answer, along with a counterclaim against appellee. The case went before the court for trial on May 30, 2002, at which time appellant orally moved the court to stay the proceedings for the parties to arbitrate their dispute.
{¶ 18} Rather than requesting a stay when appellant received appellee's complaint, appellant filed responsive pleadings with its answer and counterclaim against appellee. Appellant engaged in extensive discovery with appellee, requesting information in order to prepare for litigation. Appellant even had a second chance to properly request a stay and not pursue litigation after Mr. Silver was precluded from further representing appellant and appellant's pleadings by Mr. Silver were stricken from the record. Instead, appellant had its new counsel file responsive pleadings with an answer and counterclaim against appellee. Seven months passed from the time appellee filed suit against appellant to the time the parties appeared in court to proceed with trial. Yet appellant did not file any written motion for a stay in the case during this time. Instead, appellant waited until the day of trial to orally request the court for a stay to compel arbitration.
{¶ 19} In light of this conduct, it is clear that appellant had knowledge of the arbitration provision and acted in a manner inconsistent with its right to arbitrate the dispute with appellee. Moreover, allowing appellant to waste both appellee's and the trial court's time, money and efforts in preparing for litigation for seven months by granting its motion to stay proceedings on the day of trial would surely be against public policy considerations of judicial economy and detrimental reliance.
{¶ 20} Consequently, this Court concludes that appellant waived its right to arbitration when it did not properly raise the arbitration provision before the trial court, but instead actively participated in preparing for litigation of the case. Therefore, this Court cannot find that the trial court abused its discretion by denying appellant's oral motion at trial to stay the trial proceedings pending arbitration between the parties.
 III.
{¶ 21} Accordingly, appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
WHITMORE, J. CONCUR