This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Dynamark Security Centers, Inc. ("Dynamark") and Dynawatch, Inc. ("Dynawatch"), appeal the decisions of the Summit County Court of Common Pleas, which denied appellants' motions for summary judgment and for stay of trial pending arbitration. This Court affirms.
 I.
{¶ 2} Appellant Dynamark is a national franchiser of security systems and its subsidiary, appellant Dynawatch, is a national central monitoring station. In November of 1985, Dynamark entered into a franchise agreement with appellee, John Charles. As the franchisee, appellee attended training and became owner and operator of a security alarm business that was supposed to sell and install security systems for Dynamark and promote Dynawatch systems. Under the agreement, appellee was not to solicit accounts to other monitoring stations.
{¶ 3} Doing business as Bond Security Consultants, appellee sold numerous accounts to Dynawatch, who had been monitoring these accounts. Through the next several years, appellee and Dynawatch entered into four such purchase agreements. In November of 1993, Dynamark and appellee entered into another franchise agreement, which renewed their prior agreement, and also included an arbitration clause. Doing business as Akron Security Centers, appellee entered into more purchase agreements to sell customer accounts to Dynawatch. In 1996, the parties could not agree on the terms of a purchase agreement and disputes arose over payments and solicitation of customer accounts between appellee and both appellants.
{¶ 4} Appellants initiated this suit against appellee on January 15, 1997, and filed their complaint requesting declaratory judgment for breach of contract, seeking both a temporary injunction and monetary damages from appellee. On January 22, 1997, a temporary injunction was granted that prevented appellee from soliciting any accounts he had previously sold to appellants until a trial was conducted on the merits of the suit.
{¶ 5} On March 11, 1997, appellee filed an answer and counterclaims requesting declaratory judgment for breach of contract, tortuous interference with business relations and business defamation. Appellants filed their answer to the counterclaims on April 9, 1997. On January 30, 1998, appellants filed an amended complaint with additional allegations of appellee's use of appellants' trademark. However, the parties resolved these trademark issues.
{¶ 6} On April 1, 1999, both appellants and appellee filed motions for summary judgment. On July 21, 1999, the trial court denied appellants' motion and granted appellee's motion for summary judgment. The temporary injunction upon appellee was subsequently removed. Appellants did not appeal the July 21, 1999 order at that time and the case was scheduled for mediation on November 22, 1999. The parties did not resolve their disputes through mediation.
{¶ 7} The case was set for trial numerous times due to both parties' requests for continuances. Upon the fourth rescheduling of the proceedings, the case was ultimately set for trial on February 6, 2002. On January 22, 2002, appellants filed a motion to stay the trial pending arbitration, due to the existence of an arbitration provision in the franchise agreement of the parties. The trial court denied the motion, finding that appellants had waived their right to enforce the arbitration clause and that judicial economy would not be met by arbitration at that point in the case.
{¶ 8} Appellants timely appealed that order and have set forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION FOR STAY OF TRIAL PENDING ARBITRATION."
{¶ 9} In their first assignment of error, appellants argue that the trial court erred in denying appellants' motion for stay of trial pending arbitration. This Court disagrees.
{¶ 10} This Court has held that "[t]he denial of a motion to stay proceedings and refer a matter to arbitration is subject to review only for an abuse of discretion." Jones v. Fred Martin Motor Co., 9th Dist. No. 20631, 2002-Ohio-716, at ¶ 7, citing Harsco Corp. v. CraneCarrier Co. (1997), 122 Ohio App.3d 406, 410.
 "An abuse of discretion connotes more than an error of law or judgment, but implies that the judgment can be characterized as unreasonable, arbitrary or unconscionable. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court." (Citations omitted.) Jones at ¶ 7.
{¶ 11} In MGM Landscaping Contractors, Inc. v. Berry (Mar. 22, 2000), 9th Dist. No. 19426, this Court explained parties' ability to waive their right to arbitration:
 "The law of Ohio favors arbitration as an alternative method of dispute resolution. Pursuant to R.C. 2711.02, a court may stay trial of an action `on application of one of the parties' if (1) the action is brought upon any issue referable to arbitration under a written agreement for arbitration, and (2) the court is satisfied the issue is referable to arbitration under the written agreement. When a party does not properly raise the arbitration provision of a contract before the trial court, he is deemed to have waived arbitration.
 "A plaintiff's waiver may be effected by filing suit. When the opposite party, the potential defendant, is confronted with a filed lawsuit, the right to arbitrate can be saved by seeking enforcement of the arbitration clause. This is done under R.C. 2711.02 by application to stay the legal proceedings pending the arbitration. Failure to move for a stay, coupled with responsive pleadings, will constitute a defendant's waiver." (Citations omitted.) Id.
{¶ 12} It is well settled that "`[t]he waiver doctrine was formulated to ensure that an otherwise absolute right to arbitrate must yield, at times, when justified by public policy considerations of judicial economy and detrimental reliance.'" Klatka v. Seabeck (Aug. 9, 2000), 9th Dist. No. 19787, quoting Manos v. Vizar (July 9, 1997), 9th Dist. No. 96CA2581-M. See, also, 98 A.L.R.3d 767, at 771-773.
{¶ 13} This Court has stated that "[a] party's waiver of a right to arbitration `typically requires knowledge of a right to arbitrate and actions inconsistent with that right that usually involve delay and prejudice to the adverse party.'" Klatka, quoting Manos. Accordingly, this Court must focus on whether appellants had knowledge of the arbitration provision in the parties' contract and acted in a manner inconsistent with this right such that it would delay and prejudice appellee to allow arbitration.
{¶ 14} In the present case, the second franchise agreement between the parties contained an arbitration provision. The contract was signed by the parties on November 9, 1993. Appellants had knowledge of this arbitration provision as it was stated within Section XXVI of the agreement.
{¶ 15} In spite of their knowledge of the arbitration provision, appellants acted in a manner inconsistent with their right to seek arbitration, rather than litigation, to resolve their contract dispute with appellee. Appellants, not appellee, initiated the pursuit of litigation over arbitration when they filed their lawsuit in 1997. When appellee filed his counterclaims against them, appellants did not raise the arbitration provision as an affirmative defense in their answer. The parties went through years of trial preparation, conducting extensive discovery, filing numerous motions, and participating in numerous hearings. Appellants even filed an amended complaint in the trial court, confirming their choice of litigation to resolve their contract claims against appellee.
{¶ 16} The case was referred to mediation and the parties were unsuccessful in resolving their disputes through that avenue. Throughout all of this activity between the parties, appellants never invoked the arbitration provision within their franchise agreement. After unsuccessful mediation, appellants attempted to file a second amended complaint in the case and the trial court denied the motion. Appellants requested continuances of the trial date on two separate occasions, along with a motion for partial summary judgment. Again, they never raised the arbitration provision during these motions.
{¶ 17} After being rescheduled several times, the trial was set for February 6, 2002. On January 22, 2002, with only fifteen days left before trial, appellants mentioned the arbitration provision for the first time by filing a motion to stay the proceedings pending arbitration. The parties were on the eve of trial and had spent the last five years preparing to litigate this case before appellants requested this stay.
{¶ 18} In light of this conduct, it is clear that appellants had knowledge of the arbitration provision and acted in a manner inconsistent with their right to arbitrate the dispute with appellee. Moreover, allowing appellants to waste both appellee's and the trial court's time, money and efforts in preparing for litigation for five years by granting their motion to stay proceedings on the eve of trial would surely be against public policy considerations of judicial economy and detrimental reliance. Although appellants want to argue that Section XIX of the franchise agreement contains an anti-waiver clause that allows them to invoke their right at any time with appellee, the law protects such abuse of the right to arbitrate by providing that, when a party files suit, proceeds through the litigation process, and "does not properly raise the arbitration provision of a contract before the trial court, [that party] is deemed to have waived arbitration." MGM Landscaping Contractors, Inc.v. Berry (Mar. 22, 2000), 9th Dist. No. 19426.
{¶ 19} Consequently, this Court concludes that appellants waived their right to arbitration when they did not properly raise the arbitration provision before the trial court, but instead actively participated in preparing for litigation of the case for five years. Therefore, this Court cannot find that the trial court abused its discretion by denying appellants' motion to stay the trial proceedings pending arbitration between the parties.
{¶ 20} Appellants' first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION FOR SUMMARY JUDGMENT."
{¶ 21} In their second assignment of error, appellants argue that the trial court erred in denying their motion for summary judgment. Appellants' claim is not properly before this Court. The denial of a motion to stay arbitration is immediately appealable under R.C. 2711.02(C). However, this does not give this Court jurisdiction to hear every other interlocutory issue decided by the trial court. Therefore, the denial of appellants' motion for summary judgment is not properly before this Court and appellants' second assignment of error is dismissed.
 III.
{¶ 22} Accordingly, the judgment of the trial court is affirmed.
SLABY, P.J. and WHITMORE, J. CONCUR.