{¶ 29} I respectfully dissent from the decision of the majority to reverse the trial court's order which denied Ganley's motion to stay proceedings and compel arbitration. We are to review such determinations under the abuse of discretion standard. Miller v. Household RealtyCorp., Cuyahoga App. No. 81968, 2003-Ohio-3359, P8, citing Strasser v.Fortney Weygandt, Inc. (Dec. 20, 2001), Cuyahoga App. No. 79621 andReynolds v. Lapos Constr., Inc. (May 30, 2001), Lorain App. No. 01CA007780; Harsco Corp v. Crane Carrier Co. (1997), 122 Ohio App.3d 406,410. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Id., quoting Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 5 OBR 481.
 {¶ 30} The majority opines that the plaintiff failed to present sufficient evidence to establish the procedural unconscionability necessary to deem the arbitration clause unconscionable. I disagree. As the majority notes, the probative factors of procedural unconscionability include the "relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, whether alterations in the printed forms were possible." All of these factors weigh in favor of the trial court's finding of unconscionability in this case. The matter involves a large commercial business operation and an individual consumer which establishes a clear disparity in bargaining power; Ganley drafted the contract; the terms of arbitration are not explained in the clause but instead instruct the consumer to "See General Manager for information regarding arbitration process"; and there is no indication that alterations to the contract were possible. Indeed, none of Ganley's customers have ever successfully challenged the arbitration provision.
 {¶ 31} Sikes further challenged the conscionability of the arbitration clause based on its imposition of excessive fees. The majority reasons that any unconscionable result from these excessive fees can be cured by resorting to court. The majority states that courts may "enforce the remainder of the contract without the unconscionable term, or may so limit the application of an unconscionable term * * *." I cannot agree with logic that would deny individuals their right to litigate disputes in court on the one hand, but permit the court to exercise just enough jurisdiction over the matter to modify the unconscionable terms of the arbitration clause on the other. It places unreasonable burdens upon consumers to bear the costs of court litigation just to avoid the imposition of excessive arbitration fees only to have the court proceedings stayed and the matter compelled to arbitration. While some consumers may have the means and acumen to avail themselves of such protracted procedures, others may not, which will result in the imposition of excessive fees on those individuals. That, in and of itself, is unconscionable.
 {¶ 32} Based on the foregoing, I would affirm the trial court's decision that denied Ganley's motion to compel arbitration.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.