DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Employer's Mutual Casualty Company ("EMC"), appeals the judgment of the Fulton County Court of Common Pleas. For the following reasons, the judgment is affirmed.
 {¶ 2} Travis and Denise Drenning settled several claims against Commodore Homes, Inc., and prevailed in a jury trial on other claims against Blue Ribbon Homes ("Blue Ribbon"). Drenning v. Blue RibbonHomes, 6th Dist. No. F-06-001, 2007-Ohio-1323. Those defendants were, respectively, the retailer and builder of a manufactured home purchased by the Drennings.
 {¶ 3} Before the jury trial, Blue Ribbon filed a third-party complaint for indemnification and contribution against Ridgeline, Inc., whom Blue Ribbon hired to set the Drennings' manufactured home on its site. Ridgeline never answered this complaint, Blue Ribbon eventually obtained a default judgment, and the trial court scheduled a hearing on the sole issue of damages.
 {¶ 4} Appellant, EMC, had issued an insurance policy to Ridgeline which provided coverage for the pertinent time period. At the time Blue Ribbon obtained a default judgment against Ridgeline, a declaratory judgment action was pending to determine coverage of several insurance policies tied to the cases, including Ridgeline's policy with EMC. After learning of Ridgeline's default, EMC moved to intervene and filed a motion to stay the damages hearing on the default judgment, arguing that EMC's responsibility to Ridgeline should be determined prior to any determination of Blue *Page 3 
Ribbon's damages.
 {¶ 5} Before the damages hearing, the trial court heard arguments on EMC's motions to intervene and stay the proceedings. The parties noted that the jury trial had been completed, and Blue Ribbon's liability had been determined. The trial court granted EMC's motion to intervene, but denied its motion to stay proceedings, finding it contrary to the interests of justice. After the hearing, the trial court entered as damages under the default judgment the amount of $249,607.60. EMC's motion for reconsideration was denied.
 {¶ 6} EMC timely appealed, and, upon Blue Ribbon's motion to dismiss the appeal, we held that EMC was limited to appealing the denial of its motion to stay the damages hearing.
 {¶ 7} EMC now submits one assignment of error for review:
 {¶ 8} "The Trial Court Abused its discretion when it Denied Appellant's Motion to Stay Damage Hearing [sic] on the Default Judgment Obtained Against Its Insured, Where A Declaratory Judgment Action was Pending on the Issue Of Insurance Coverage for the Claimed Damage [sic]."
 {¶ 9} An appellate court reviews a trial court's decision to deny a stay of proceedings for abuse of discretion. Zachary v. Crocket Homes,Inc., 5th Dist. No. 2003CA00131, 2003-Ohio-5237, citing Harsco Corp. v.Crane Carrier Co. (1997), 122 Ohio App.3d 406. An abuse of discretion "connotes more than an error of law or *Page 4 
judgment; it implies that the judgment of a court is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 10} The transcript of the damages hearing, filed in the record on appeal, shows that EMC participated in the hearing. EMC's only substantive claim is that it was not provided adequate notice of the default judgment in order to defend its insured, Ridgeline. This claim, however, is unsupported by the record. Additionally, EMC does not point to any aspect of the damages hearing which would have been changed in its favor had the hearing been stayed pending the resolution of the declaratory judgment action. A determination of whether coverage exists pursuant to Ridgeline's policy terms has no impact on the amount of damages for which Ridgeline is liable.
 {¶ 11} EMC's only remaining argument is that a stay would have been appropriate since Blue Ribbon appealed the jury's determination of its negligence and the outcome of that matter is not yet final. While this argument may have held some water at the time briefs were filed, that judgment was affirmed. Drenning v. Blue Ribbon Homes, 6th Dist. No. F-06-001, 2007-Ohio-1323. Appellant's assignment of error, therefore, is not well-taken.
 {¶ 12} For the foregoing reasons, the judgment of the Fulton County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant *Page 5 
to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1