JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Carl Miller ("appellant"), appeals the order of the Cuyahoga County Common Pleas Court granting the motion to stay litigation pending arbitration and to compel arbitration filed by defendants-appellees Household Realty Corporation and Lorenzo Jones ("appellees"). For the reasons set forth below, this court reverses and remands.
 {¶ 2} Appellant filed his lawsuit against appellees on March 1, 2002. In his complaint, appellant claimed that he was fraudulently caused to enter into a home refinancing loan agreement on September 23, 2000, for the total amount of $74,236.24. Appellant claimed that he rescinded the agreement on the same day, September 23, 2000, but that appellees have failed to terminate the security interest mortgage and return money and property paid by appellant in connection with the transaction.
 {¶ 3} Appellant further alleged that appellees violated various federal and state statutes including, the Home Ownership Equity Protection Act, Section 1639 et seq., Title 15, U.S. Code; the Real Estate Settlement Procedures Act, Section 2601 et seq., Title 12, U.S. Code; the Ohio Consumer Sales Practices Act, R.C. 1345.01, et seq.; Home Solicitation Sales Act, R.C. 1345.21 et seq. and the Truth in Lending Act, Section 1601 et seq., Title 15, U.S. Code. Appellant demanded a trial by jury.
 {¶ 4} On May 15, 2002, appellees filed their answer wherein they denied the allegations in the complaint and raised the affirmative defense of arbitration on the basis that the dispute was subject to a valid, written agreement to arbitrate as governed by the Federal Arbitration Act, Section 3, Title 9, U.S. Code. Appellees simultaneously filed a motion to stay litigation pending arbitration and to compel arbitration. In their motion, appellees' argued that, as part of the loan agreement, appellant executed a separate Arbitration Rider. Appellees argued that the Arbitration Rider governed the dispute and that appellant was required to submit his claims to arbitration. Appellees argued that appellant was bound by the agreement to arbitrate the allegations contained in the complaint once appellees elected to pursue arbitration. Appellees also argued that because the Arbitration Rider contained a provision that it was governed by the Federal Arbitration Act ("FAA"), Sections 1-16, Title 9, U.S. Code, that the matter was properly analyzed under FAA rather than the Ohio Arbitration Act, R.C. Chapter 2711.
 {¶ 5} On June 5, 2002, appellant filed both his motion requesting a hearing, to determine the validity and enforceability of the Arbitration Rider, and a motion to vacate appellees' motion to stay litigation pending arbitration and to compel arbitration. In his motion to vacate, appellant argued that (1) the Arbitration Rider is invalid and that based on R.C. 2711.03 such issue must be resolved at trial; (2) alternatively, if the Arbitration Rider is valid, the FAA provision applies only to those actions brought in federal court and this matter is governed by the Ohio Arbitration Act, R.C. 2711.01 et seq; (3) he waived his right to arbitration by filing the instant lawsuit; (4) because he rescinded the loan agreement any agreement to arbitrate was thereby canceled; (5) the Arbitration Rider was revoked; and (6) the Arbitration Rider was unconscionable.
 {¶ 6} On October 2, 2002, the trial court denied appellant's motion for a hearing and issued its journal entry and opinion granting appellees' motion to stay litigation pending arbitration and to compel arbitration. In making its ruling, the trial court determined that the Arbitration Rider was governed by the FAA; appellant did not present evidence that the Arbitration Rider was invalid; and questions of validity should be decided by the arbitrator. On October 3, 2002, the trial court denied appellant's motion to vacate.
 {¶ 7} Appellant appeals the order compelling arbitration and submits a single assignment of error for our review, as follows:
I. Whether the trial court erred in upholding the arbitration agreement. {¶ 8} In determining whether the trial court properly denied or granted a motion to stay the proceedings and compel arbitration, the standard of review is whether the order constituted an abuse of discretion. Strasser v. Fortney Weygandt, Inc. (Dec. 20, 2001), Cuyahoga App. No. 79621. See also, Reynolds v. Lapos Constr., Inc. (May 30, 2001), Lorain App. No. 01CA007780; Harsco Corp v. Crane Carrier Co.
(1997), 122 Ohio App.3d 406, 410. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} On appeal, as in his motion to vacate, the appellant argues that (1) the Ohio Arbitration Act as set forth in R.C. Chapter 2711, governs this dispute; (2) the arbitration agreement is invalid; (3) he waived arbitration by filing the instant lawsuit; (4) the arbitration agreement was cancelled at the time the loan agreement was rescinded; and (5) the arbitration agreement is unconscionable.
 {¶ 10} We note that the trial court has the authority to stay litigation pending arbitration pursuant to R.C. 2711.02(B), which provides as follows:
 {¶ 11} "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."
 {¶ 12} Likewise, FAA, Section 3, Title 9, U.S. Code provides:
 {¶ 13} "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."
 {¶ 14} At issue on appeal is the Arbitration Rider which was executed along with the other loan documents in the home refinancing transaction, and provides as follows:
 {¶ 15} "This Arbitration is signed as part of your Agreement with Lender and is made a part of that Agreement. By signing this Arbitration Rider, you agree that either Lender or you may request that any claim, dispute, or controversy (whether based upon contract; tort, intentional or otherwise; constitution; statute; common law; or equity and whether pre-existing, present or future), including initial claims, counterclaims, and third party claims, arising from or relating to this Agreement or the relationships which result from this Agreement, including the validity or enforceability of this arbitration clause, any part thereof or the entire Agreement ("Claim"), shall be resolved, upon the election of you or us, by binding arbitration pursuant to this arbitration provision and the applicable rules or procedures of the arbitration administrator selected at the time the Claim is filed. * * *
 {¶ 16} "This Arbitration Rider is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. § 1-16 (the "FAA")."
 {¶ 17} It is well established that Ohio and federal courts encourage arbitration to settle disputes between parties. ABM Farms,Inc. v. Woods (1998), 81 Ohio St.3d 498, 500. Indeed, there is a strong presumption in favor of arbitration. David Wishnosky v. Star-Lite Bldg. Dev. Co. (Sept. 7, 2000), Cuyahoga App. No. 77245, at 9-10. In fact, "courts have characterized the FAA as expressing a congressional policy favoring enforcement of arbitration provisions. Doubts regarding such provisions should be resolved in favor of arbitration. SouthlandCorp. v. Keating, 465 U.S. 1, 10-13, 79 L.Ed.2d 1, 104 S.Ct. 852 (1984)."Fazio v. Lehman Bros. (N.D.Ohio. 2002), 2002 U.S. Dist. LEXIS 15174.
 {¶ 18} Recently, in Neubaurer v. Household Finance Corp., Cuyahoga App. No. 81451, 2002-Ohio-6831, this Court reviewed the identical Arbitration Rider stemming from a home refinancing loan transaction. However, in Neubaurer, although the trial court held a hearing regarding enforcement of the arbitration agreement, the trial court did not issue an opinion from which this court could review its analysis and reasoning. Thus, in Neubaurer, this court reversed and remanded the case in order to ensure that the trial court first made a determination regarding the existence and validity of the arbitration agreement prior to granting the motion to stay litigation and compel arbitration.
 {¶ 19} Unlike, Neubaurer, here, the trial court did issue an opinion regarding its decision to stay litigation and compel arbitration. Specifically, the trial court found that the appellant waived his right to judicial determination of the validity of the Arbitration Rider, under R.C. 2711.03, by agreeing to arbitrate even the issues of the Arbitration Rider's validity and enforceability. The trial court relied on the language found in the Arbitration Rider that the parties agreed to arbitrate disputes arising from or relating to the loan transaction, including disputes as to "the validity and enforceability of this arbitration clause."
 {¶ 20} Further, relying on Cross v. Carnes (1998),132 Ohio App.3d 157, the trial court found that a trial on appellant's challenge to the validity of the Arbitration Rider was not required as the appellant failed to provide any evidence challenging the validity of the agreement.
 {¶ 21} The appellant does not deny executing the Arbitration Rider, rather, he claims that the Arbitration Rider was cancelled as part of the loan agreement when the loan agreement itself was revoked and that it was otherwise unconscionable. The appellant argues that without an agreement to arbitrate, he cannot be compelled to arbitrate this matter. Thus, the existence of the arbitration agreement is in dispute, as well as its validity and enforceability.
 {¶ 22} As we stated in Neubauer, in matters where the existence of an arbitration agreement is in issue, a trial on the issue is required.Schroeder v. Shearson, Lehman Hutton, Inc., (Apr. 25, 1991), Cuyahoga App. No. 60236, at 6. "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.' * * * This axiom recognizes the fact that arbitrators derive their authority to resolve disputes only because the parties have agreed to submit such grievances to arbitration." ATTTechnologies [Inc. v. Communications Workers of Am. (1986), 475 U.S. 643], 648-649, 106 S.Ct. at 1418, 89 L.Ed.2d at 655, quoting Warrior v. Gulf, supra, 363 U.S. at 582, 80 S.Ct. at 1353, 4 L.Ed.2d 1417." Council ofSmaller Ent. v. Gates (1998), 80 Ohio St.3d 661, 666.
The question of whether an agreement creates a duty for the parties to arbitrate the dispute, is an issue for judicial determination. Council ofSmaller Ent., at 666. Where an agreement to arbitrate is not in full force and effect, the trial court does not err when it denies a motion to compel arbitration. Wishnosky at 12. "Without sufficient evidence of the existence of a written agreement to arbitrate the disputed claims, the trial court is left with no alternative but to deny the motion and proceed with litigation. ACRS Inc. v. Blue Cross Blue Shield
(1988), 131 Ohio App.3d 450, 457, 722 N.E.2d 1040." Wishnosky at 12.
 {¶ 23} It must first be determined whether the arbitration agreement is in existence or whether it was revoked. With regard to revocation, R.C. 2711.01(A) provides:
 {¶ 24} "(A) A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall bevalid, irrevocable, and enforceable, except upon grounds that exist atlaw or in equity for the revocation of any contract." (Emphasis added).
 {¶ 25} Likewise, FAA Section 2, Title 9, U.S. Code, provides:
 {¶ 26} "A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid,irrevocable, and enforceable, save upon such grounds as exist at law orin equity for the revocation of any contract. (Emphasis added).
 {¶ 27} Where the validity of the arbitration agreement has been challenged, the Ohio Supreme Court determined that the FAA, Section 2, Title 9, U.S. Code, requires the trial court to first consider whether the arbitration agreement is valid before compelling arbitration.Williams v. Aetna Finance Co. (1992), 65 Ohio St.3d 1203, 1204, affirmedWilliams v. Aetna Fin. Co. (1998), 83 Ohio St.3d 464.
 {¶ 28} "In Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth
(1985), 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444, the Supreme Court commented on the procedure that lower courts must follow in ruling on motions to compel arbitration:
 {¶ 29} "* * * [T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute. The court is to make this determination by applying the `federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act.'" 473 U.S. at 626,105 S.Ct. at 3353, 87 L.Ed.2d at 454-455. The court explained that even when the rights asserted by the party opposing arbitration are based on state statutory rights, the broad provisions of the Federal Arbitration Act apply. Id. at 626, 105 S.Ct. at 3354, 87 L.Ed.2d at 455. The justices cautioned, however, that the courts must "remain attuned to well-supported claims that the agreement to arbitrate resulted from the sort of fraud or overwhelming economic power that would provide grounds `for the revocation of any contract.'" Id. at 627, 105 S.Ct. at 3354,87 L.Ed.2d at 455." Williams, at 1205.
 {¶ 30} As in Neubauer, we find that under FAA Section 2, Title 9, U.S. Code, and R.C. 2711.01(A), appellant has advanced grounds existing at law or in equity for the revocation of the Arbitration Rider. Further, pursuant to Section 1635(a), Title 15, U.S. Code, the obligor has the right to rescind the transaction until midnight of the third business day following the consummation of the transaction. Here, the appellant executed the loan agreement and Arbitration Rider on September 23, 2000, and claims to have timely rescinded the loan agreement the same day.
 {¶ 31} Appellees argue that this court should not follow Neubauer
in that the trial court is not required to conduct a hearing to determine issues of validity and enforceability of the arbitration agreement according to R.C. 2711.03(A).[1] With respect to this issue, we recognize that the Supreme Court of Ohio has certified a conflict between the district court of appeals and the issue is currently pending before the Court. See Maestle v. Best Buy Co. (2002), 97 Ohio St.3d 1459,2002-Ohio-1674.[2]
 {¶ 32} Until the Supreme Court reviews the conflict regarding a hearing and holds otherwise, we follow the rule as it has been determined in this court. While R.C. 2711.03 may not require a hearing, it does require that the trial court be "satisfied" that the dispute is referable to arbitration. We find abundant support for this position in legal authority and find that the trial court must make initial determinations regarding the existence and validity of the arbitration agreement. SeeSchroeder v. Shearson, Lehman Hutton, Inc., (Apr. 25, 1991), Cuyahoga App. No. 60236; Council of Smaller Ent. v. Gates (1998),80 Ohio St.3d 661; David Wishnosky v. Star-Lite Bldg. Dev. Co.
(Sept. 7, 2000), Cuyahoga App. No. 77245; Neubaurer v. Household FinanceCorp., Cuyahoga App. No. 81451, 2002-Ohio-6831; and Maestle v. Best BuyCo., Cuyahoga App. No. 79827, 2002-Ohio-3769.
 {¶ 33} The federal substantive law regarding arbitrability parallels Ohio substantive law. Although, the law favors the enforcement of arbitration agreements, enforcement of an arbitration clause has limits. "First, the dispute at issue must be within the scope of the arbitration provision. Stout, 228 F.3d at 714. A party cannot be forced to arbitrate issues for which there was not an agreement to do so, and the parties intentions control. (Citations omitted). In addition, an arbitration provision will not be enforced if it resulted from conduct that would provide for revocation of the contract. [Shearson/AmericanExpress, Inc. v.] McMahon, 482 U.S. [220,] 226 [1987)]; Ferro [Corp. v.Garrison Ind., Inc.], 142 F.3d [926,] 932 [(6th Cir. 1998)].
 {¶ 34} In Southland Corp. v. Keating (1984), 465 U.S. 1, 10-11, the Supreme Court held, "We discern only two limitations on the enforceability of arbitration provisions governed by the Federal Arbitration Act: they must be part of a written maritime contract or a contract `evidencing a transaction involving commerce' and such clauses may be revoked upon `grounds as exist at law or in equity for the revocation of any contract.'"
 {¶ 35} In addition, the court in Manuel v. Honda R DAmericas, Inc. (S.D.Ohio 2001), 175 F. Supp. 987, reasoned that "Although the FAA provides that arbitration agreements are valid, such provisions may be attacked under `such grounds as exist at law or in equity for the revocation of a contract.' 9 U.S.C. § 2. The Supreme Court has stated that general state contract principles, as opposed to state laws applicable only to arbitration provisions, may regulate, and in the appropriate case, invalidate, arbitration clauses. Doctor's Assocs., Inc.v. Casarotto, 517 U.S. 681, 684-85, 134 L.Ed.2d 902, 116 S.Ct. 1652
(1996); Andersons, Inc., v. Horton Farms, Inc., 166 F.3d 308, 322 (6th Cir. 1998). Recognized defenses include fraud, duress and unconscionability. Id. Federal courts apply state law to determine whether any of these defenses is applicable. Id.
 {¶ 36} "When a party attacks the arbitration provision by asserting that the provision itself is unconscionable, the enforceability of the arbitration provision is an issue for the Court. Id.; Stout v.Byrider, 228 F.3d 709, 714 (6th Cir. 2000) (`Claims relating to fraud in the making of the arbitration agreement are determined by the court.'). * * *
 {¶ 37} "`Unconscionability is determined by reference to the relative benefit of the bargain to the parties at the time of its making, the nature of the methods employed in negotiating it, and the relative bargaining power of the parties.' United States v. BedfordAssocs., 657 F.2d 1300, 1312-13 (2d Cir. 1981), cert. denied, 456 U.S. 914,72 L.Ed.2d 173, 102 S.Ct. 1767 (1982). To establish that an agreement is unconscionable under Ohio law, the complaining party must demonstrate: 1) substantive unconscionability, by showing that the contract terms are unfair and unreasonable, and 2) procedural unconscionability, by showing that the circumstances surrounding the contract were so unfair as to cause there to be no voluntary meeting of the minds. Collins v. ClickCamera Video, Inc., 86 Ohio App.3d 826, 621 N.E.2d 1294, 1299
(Mont. Cty. 1993)."
 {¶ 38} The appellant also argued in his motion to vacate and on appeal that the Arbitration Rider was unconscionable because he was hurried and pressured into signing the loan documents without having the time to carefully read their contents. Appellant claimed that he was unable to review the documents he signed because he was not provided with copies. In fact, appellant claims that he was unaware that he had signed the Arbitration Rider until he rescinded the loan. Appellant also argued that the Arbitration Rider was an adhesion contract and thus, unconscionable.
 {¶ 39} An arbitration agreement should only be enforceable when it was freely entered into, and the circumstances should be scrutinized where a consumer is confronted with a sophisticated lending institution, and waives the constitutional right of trial. Whether the arbitration agreement is unconscionable should be reviewed by the trial court prior to granting a stay of litigation and compelling arbitration.
 {¶ 40} We find that because appellant alleged grounds for the revocation of the Arbitration Rider, including rescission, unconscionability and adhesion, the trial court is required to make the initial determination of whether the Arbitration Rider is in existence prior to compelling arbitration of the dispute. Noticeably absent from the trial court's ruling is any finding regarding conscionability, and we will not infer it. Accordingly, appellant's single assignment of error is sustained.
Judgment is reversed and remanded.
DIANE KARPINSKI, J., CONCURS (SEE ATTACHED CONCURRING OPINION) ANNE L. KILBANE, J., CONCURS IN JUDGMENT ONLY AS TO MAJORITY AND CONCURS WITH SEPARATE CONCURRING OPINION OF JUDGE DIANE KARPINSKI ANN DYKE JUDGE
[1] R.C. 2711.03(A) provides as follows:
"The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement. Five days' notice in writing of that petition shall be served upon the party in default. Service of the notice shall be made in the manner provided for the service of a summons. The court shall hearthe parties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement." (Emphasis added).
[2] "Should R.C. 2711.02 and R.C. 2711.03 be read in pari materia and require the court to conduct a hearing to determine whether the parties here entered into a valid and enforceable arbitration agreement or are these distinct statutes as determined in Brumm v. McDonald Co.Securities, Inc. (1992), 78 Ohio App.3d 96, holding that R.C. 2711.02
does not require the court to conduct such a hearing?"