OPINION
{¶ 1} Defendant-appellant Premier Warranty Group, Inc. appeals from the April 21, 2005, Judgment Entry of the Mansfield Municipal Court denying its Motion to Stay Proceedings Pending Arbitration.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 23, 2004, appellee JoAnn Winters filed a complaint against appellant in the Small Claims Division of the Mansfield Municipal Court seeking monetary damages in the amount of $1,737.67. Appellee, in her complaint, alleged that she had purchased a used vehicle warranty from appellant and that appellant had refused to honor the same.
 {¶ 3} Subsequently, on September 21, 2004, appellant filed a Motion for Dismissal Without Prejudice,[1] arguing that appellee's complaint should be dismissed pursuant to Civ.R. 12(B)(1) for lack of subject matter jurisdiction. Appellant, in its motion, noted that the warranty required arbitration of any controversy or claim arising out of or referring to the warranty or its breach. As memorialized in a Magistrate's Order filed on September 29, 2004, the case was transferred to the regular civil docket of the Mansfield Municipal Court.
 {¶ 4} On December 13, 2004, appellee filed a response to appellant's Motion to Dismiss. Appellee, in her response, argued that the Commercial Arbitration Rules of the American Arbitration Association (hereinafter "AAA"), which were incorporated into the warranty, stated, in relevant part, as follows:
 {¶ 5} "[c]onsumers are not prohibited from seeking relief in a small claims court for disputes or claims within the scope of its jurisdiction, even in consumer arbitration cases filed by the business".
 {¶ 6} Based on such language, appellee argued that she was not required to arbitrate her dispute with appellant.
 {¶ 7} After appellant's Motion for Dismissal was denied, appellee on March 2, 2005, filed an amended complaint, adding a claim that appellee had acted in bad faith in processing her claim. Appellee, in her complaint, requested a jury trial and also sought punitive damages. In response, appellant, on April 4, 2005, filed a Motion to Stay Proceedings Pending Arbitration. Appellant, in its motion, argued, in relevant part, as follows:
 {¶ 8} "Previous to the Amended Complaint, this Court determined that the commercial arbitration rules of the American Arbitration Association allow that the parties to a warranty dispute may bring their claims to a small claims court. It further determined that the decision as to whether small claims court would have jurisdiction was not limited to the American Association but could be decided by this Court. The Plaintiff was given the choice by this Court to proceed in the Small Claims Division but has declined to do so . . .
 {¶ 9} "Under no stretch of the imagination do the commercial arbitration rules of the American Arbitration Association provide that the parties to a warranty dispute governed by those rules may bring their complaint to the general division of a municipal court. By amending her complaint, the Plaintiff has invoked the jurisdiction of the General Division of this Court. This means this Court has no choice but to stay this matter for arbitration as agreed by the parties and under the above authorities." On the same date, appellant filed an answer raising the defense of arbitration.
 {¶ 10} As memorialized in a Judgment Entry filed on April 21, 2005, the trial court denied appellant's Motion to Stay Proceedings Pending Arbitration on the basis that appellant did not move for AAA arbitration by filing an arbitration demand with any AAA office. The trial court, in its entry, indicated that it would have granted appellant's motion if appellant had done so.
 {¶ 11} Appellant now raises the following assignment of error on appeal:
 {¶ 12} "THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING ARBITRATION ON THE SOLE GROUND THAT DEFENDANT DID NOT FILE AN ARBITRATION DEMAND WITH THE AMERICAN ARBITRATION ASSOCIATION, WHERE THERE IS NO BASIS IN LAW REQUIRING A DEFENDANT TO FILE SUCH AN ARBITRATION DEMAND AS A PREREQUISITE TO A MOTION TO STAY PROCEEDINGS UNDER R.C. 2711.02."
 I {¶ 13} Appellant, in its sole assignment of error, argues that the trial court erred in denying appellant's Motion to Stay Proceedings Pending Arbitration. We agree.
 {¶ 14} As a preliminary matter, we note that an order which denies a stay pursuant to R.C. 2711.02 is a final appealable order. R.C. 2711.02(C). The standard of review for a decision to deny a motion to stay the proceedings pending arbitration is abuse of discretion. Harsco Corp. v. Crane Carrier Co. (1997),122 Ohio App.3d 406, 701 N.E.2d 1040. "Abuse of discretion" connotes more that an error of law or judgment; it implies that the court is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 15} The trial court, in its April 21, 2005, Judgment Entry, denied appellant's Motion to Stay Proceedings Pending Arbitration on the basis that appellant had not filed an arbitration demand with any AAA office before requesting the stay. However, there is no statutory requirement that appellant do so. R.C. 2711.02(B) states as follows: "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration." (Emphasis added). We concur with appellant that the phrase "referable to arbitration" authorized appellant to file a Motion to Stay without first making an arbitration demand with any arbitration panel. See Adena Corp. v. Sunset View Ltd.
(April 10, 2001), Holmes App. No. 00CA005, 2001 WL 361007.[2]
 {¶ 16} In the case sub judice, the parties do not dispute that the matter in this case was referable to arbitration. However, while appellee argues that the AAA rules expressly provide that she was permitted to bring her action in small claims court and was, therefore, not required to arbitrate her dispute, appellant disagrees.
 {¶ 17} As is stated above, the Commercial Arbitration Rules of the American Arbitration Association (AAA), which appellee claims were incorporated into the warranty, stated, in relevant part, as follows: "[c]onsumers are not prohibited from seeking relief in a small claims court for disputes or claims within the scope of its jurisdiction, even in consumer arbitration cases filed by the business."
 {¶ 18} Appellee, in the case sub judice, originally filed her complaint in the Small Claims Division of the Mansfield Municipal Court. On March 2, 2005, appellee filed an amended complaint adding a bad faith claim and seeking punitive damages. Appellee, in her amended complaint, also requested a jury trial.
 {¶ 19} However, claims for punitive damages are not permitted in small claims court. See R.C. 1925.02(A)(2)(iii). See alsoCleveland Bar Assn. v. Pearlman, 106 Ohio St.3d 136, 139,832 N.E.2d 1193, 2005-Ohio-4107. Moreover, there is no jury in small claims court. R.C. 1925.04(A). See also Pearlman, supra. Thus, the amended complaint that appellant filed on March 2, 2005, did not fall within the jurisdiction of the Small Claims Division of the Mansfield Municipal Court. We concur with appellant that, for such reason, appellee's complaint did not fall within the small claims exception to arbitration contained in AAA's Commercial Arbitration Rules.[3]
 {¶ 20} Appellee further claims that the trial court erred in not finding that appellant had waived its right to arbitration. While appellee raised such argument in the trial court, the trial court, in its April 21, 2005, Judgment Entry, denying appellant's motion to stay, did not expressly rule on such argument. In fact, the trial court indicated that if appellant had first filed an arbitration demand with AAA, it would have granted appellant's motion to stay. Appellee, however, neither filed a cross-appeal addressing the trial court's implicit rejection of such waiver argument under App. R. 3 nor stated any assignment of error in her brief as permitted under R.C. 2505.22. We concur, therefore, with appellant that the waiver issue is not properly before this Court.
 {¶ 21} Furthermore, the determination as to whether arbitration has been waived is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. Harsco Corp. v. Crane Carrier Co. (1997),122 Ohio App.3d 406, 701 N.E.2d 1040. As is stated above, in order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 22} In the case sub judice, shortly after appellee filed her amended complaint on March 2, 2005, appellant, on April 4, 2005, filed a Motion to Stay Proceedings Pending Arbitration as well as an answer to the amended complaint asserting the defense of arbitration.[4] The record is clear that appellant has asserted its right to arbitration throughout the course of this matter. We find, for such reason, that the trial court did not err in declining to find that appellant had waived its right to arbitration.[5]
 {¶ 23} For the foregoing reasons, appellant's sole assignment of error is sustained.
 {¶ 24} Accordingly, the judgment of the Mansfield Municipal Court is reversed and this matter is remanded for further proceedings.
Edwards, J. Boggins, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Mansfield Municipal Court is reversed and this matter is remanded for further proceedings. Costs assessed to appellee.
[1] A previous motion to dismiss, which was filed on May 21, 2004, was stricken from the record since it was not filed by an attorney.
[2] In Adena, the appellee submitted a demand for arbitration to the AAA after the trial court granted its Motion to Stay Proceedings Pending Arbitration.
[3] Appellee, in her brief, also argues that the arbitration provision in the warranty is procedurally and substantially unconscionable. Since appellee did not raise such issue in the trial court, we find that she has waived the same. See Lamp v.Lamp, Muskingum App. No. CT2003-0054, 2004-Ohio-6262.
[4] In contrast, see Ritt v. Billy Blanks Enterprises,
Cuyahoga App. No. 80983, 2003-Ohio-3645 in which the court held that a company had waived its right to assert arbitration as a defense when it filed its answer to an amended complaint and never asserted the defense of arbitration nor moved for a stay of proceedings pending arbitration. As is stated above, appellant filed its motion to stay a month after the amended complaint was filed and also filed an answer to the amended complaint raising the defense of arbitration.
[5] As is stated in the facts, the trial court, in its April 21, 2005 Judgment Entry, indicated that it would have granted appellant's Motion to Stay Proceedings Pending Arbitration if appellant had first filed an arbitration demand with the AAA.