RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 15a0011p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

ALLIED INDUSTRIAL SCRAP, INC.,

                *Plaintiff-Appellant,*

    *v.*

OMNISOURCE CORPORATION,

                *Defendant-Appellee.*

No. 14-3403

Appeal from the United States District Court
for the Northern District of Ohio at Youngstown.
No. 4:10-cv-02092—John R. Adams, District Judge.

Decided and Filed: January 21, 2015

Before: MERRITT, STRANCH, and DONALD, Circuit Judges.

_____

## COUNSEL

_____

**ON BRIEF:** F. Timothy Grieco, ECKERT SEAMANS CHERIN & MELLOTT, LLC, Pittsburgh, Pennsylvania, for Appellant. Cathleen M. Shrader, BARRETT & MCNAGNY LLP, Fort Wayne, Indiana, for Appellee.

_____

## OPINION

_____

MERRITT, Circuit Judge. The otherwise victorious plaintiff-appellant in this diversity case appeals the district court's ruling that a unilateral fee-shifting clause for attorney's fees was unenforceable under Ohio law as a matter of public policy. The district court relied on a previous published opinion from this Court in *Scotts Co. v. Central Garden & Pet Co.*, 403 F.3d 781 (6th Cir. 2005), that held that the Ohio Supreme Court would not enforce similar fee-shifting

1

clauses.   Three years after the *Scotts* case, the Ohio Supreme Court in *Wilborn v. Bank One Corp.*, 906 N.E.2d 396 (Ohio 2009), made it clear that it would enforce such unilateral or one-sided fee-shifting contract provisions.   Therefore, we must reverse.

In this case, the plaintiff offered to sell approximately 3 million pounds of scrap copper to the defendant.   The defendant negotiated the core terms of the sale but did not object to the following fee-shifting provision:   "In the event purchaser shall default in his obligations hereunder, purchaser shall be liable for [the plaintiff]'s costs of collection, including attorney's fees."   The contract that includes this clause was negotiated between two experienced and sophisticated commercial entities.   There was no duress.   The parties were on an equal footing. There was no statute or other specific public policy that would invalidate a fee-shifting provision in a multi-million-dollar contract for the sale of copper scrap.   A jury trial determined that the defendant defaulted on its obligation under the contract.

It is elementary that in diversity we must apply the law of the state's highest court.   In *Wilborn*, the Ohio Supreme Court upheld a one-sided, fee-shifting contract for attorney's fees in favor of a bank in connection with a home-equity loan agreement.   As *Wilborn* explains, Ohio generally applies the "American rule" in which each party bears its own litigation costs, but under Ohio law contracts may shift the costs of litigation, including attorney's fees.   906 N.E.2d at 400–01.   There are exceptions that prevent parties from contracting around statutory public policy determinations.   *See, e.g.*, *id.* at 402 (prohibiting fee shifting that conflicted with foreclosure laws); *State v. Taylor*, 10 Ohio 378, 380–81 (1841) (denying attorney's fees that operated to evade usury statutes).   *Wilborn* makes it clear that when not confronted with a direct statutory conflict, Ohio law will generally give effect to such fee-shifting provisions when there is no duress.

We therefore reverse the district court's summary judgment order invalidating the fee-shifting clause and remand with instructions to determine the fair, just, and reasonable value of the attorney's fees specifically provided for in the contract.