TYACK, J.
{¶ 1} Plaintiff-appellant, Theresa R. Wolfe ("Wolfe"), appeals the January 3, 2018 decision and judgment entry of the Franklin County Court of Common Pleas granting defendants-appellees, J.C. Penney Corporation Inc.'s ("JCPenney's") motion to stay proceedings pending arbitration. For the reasons that follow, we affirm the judgment of the court of common pleas.
I. Facts and Procedural History
{¶ 2} According to the complaint filed in this case, Wolfe was a long-term employee (41 years) of JCPenney. Her last position was HR coordinator where she reported to defendant-appellee, Kyle Kirkpatrick, a 38-year-old senior HR manager. In January 2017, JCPenney announced an early retirement incentive which was offered to Wolfe and many other older employees. Wolfe was 60 years old at the time she was offered early retirement. Wolfe declined to participate in the early retirement plan and was thereafter placed on a Performance Improvement Plan ("PIP") that could lead to her termination. Wolfe asked to be transferred to a warehouse position that she had previously held, but was told she was ineligible to transfer because she was on a PIP. Kirkpatrick allegedly manipulated the PIP to terminate Wolfe in March 2017. Although long-term employees were *129 routinely offered severance pay based on their years of service, Wolfe was not.
{¶ 3} Wolfe filed suit in the court of common pleas on July 14, 2017 alleging age discrimination under Ohio law. JCPenney filed a motion to compel arbitration and to stay proceedings pending arbitration on August 22, 2017, claiming that Wolfe had signed a valid and enforceable arbitration agreement that required arbitration of all claims arising out of Wolfe's employment and discharge. In response, Wolfe filed "Plaintiff's Renewed Jury Demand" seeking a jury trial pursuant to R.C. 2711.03(B)"on all issues related to whether plaintiff ever agreed to arbitration of issues related to her employment."
{¶ 4} Attached as an exhibit to the motion to compel and to stay was a copy of an electronic signature box that was checked off, dated June 6, 2017, and contained the name and employee ID number of Wolfe. There was also a copy of the JCPenney Dispute Resolution Program ("agreement") stating that participation in the program was completely voluntary. The agreement also stated that "[m]andatory arbitration will be your and JCPenney's exclusive method of resolving covered past, present, and future disputes between you and JCPenney." (Mot. to Compel Arbitration, Ex. C at 1.) The agreement further provided that it applied "without limitation, to any claim, controversy, or dispute between you and JCPenney arising out of the terms and conditions of your employment, past, present, or future, as to which a court would be authorized by law to grant relief if the claim were successful." (Ex. C at 3.) The agreement went on to include some examples of arbitrable claims including: "Unlawful discrimination or harassment." (Ex. C at 4.)
{¶ 5} Wolfe opposed the motion to compel and to stay arguing that: there had been no demand for arbitration; that JCPenney had failed to attach authenticated materials in support of its motion; no signed agreement had been produced; to the best of her knowledge Wolfe had not signed an agreement to arbitrate; there was no mutuality of obligation to the agreement since JCPenney could change the terms at any time; and, that the fee shifting and cost allocation provision in the agreement rendered it void.
{¶ 6} JCPenney then withdrew its motion to compel arbitration but continued to pursue its motion to stay proceedings under R.C. 2711.02(B) claiming that: the evidence showed that Wolfe did agree to arbitrate her claims; a demand for arbitration by JCPenney was not required to be entitled to a stay; and, the agreement was enforceable.
{¶ 7} The trial court granted the motion to stay proceedings on January 3, 2018. The trial court found that the agreement was enforceable, that the age discrimination claim was arbitrable and encompassed by the language of the agreement, and that JCPenney was not required to demand arbitration in order to move to stay the case.
II. Assignments of Error
{¶ 8} On appeal, Wolfe assigns the following three errors for our review:
[I.] Without a valid agreement to arbitrate, it is error to stay proceedings.
[II.] Without a demand for arbitration by the party seeking to stay proceedings, it is error to compel arbitration.
[III.] The trial court erred in not submitting the contested issues of fact, as to whether the parties agreed to arbitration, to a jury, which was demanded by plaintiff under R.C. 2711.03(B) and 9 U.S.C. § 4.
*130 III. Standard of Review
{¶ 9} Generally, when reviewing a motion to stay pending arbitration, the standard of review is abuse of discretion. State Dept. of Admin. Servs. v. Design Group, Inc. , 10th Dist. No. 07AP-215, 2007-Ohio-6278, 2007 WL 4171131, ¶ 15. However, the de novo standard of review is appropriate when the appeal presents a question of law. Campinha-Bacote v. AT & T Corp. , 10th Dist. No. 16AP-889, 2017-Ohio-5608, 2017 WL 2817566, ¶ 6. Interpreting the meaning and construction of contracts requires a de novo standard of review. State Dept. of Admin. Servs. at ¶ 15. Whether a party has agreed to submit an issue to arbitration is also subject to a de novo standard of review. Campinha-Bacote at ¶ 7 ; Ohio Plumbing, Ltd. v. Fiorilli Constr., Inc., 8th Dist., 2018-Ohio-1748, --- N.E.3d ----, ¶ 9, citing McCaskey v. Sanford-Brown College , 8th Dist. No. 97261, 2012-Ohio-1543, 2012 WL 1142880, ¶¶ 7-8. A presumption favoring arbitration over litigation arises when the claim in dispute falls within the scope of an arbitration provision. Pyle v. Wells Fargo Fin., 10th Dist. No. 05AP-644, 2005-Ohio-6478, 2005 WL 3304098, ¶ 12. " 'An arbitration agreement will be enforced unless the court is firmly convinced that (1) the clause is inapplicable to the dispute or issue in question or (2) the parties did not agree to the clause.' " Doe v. Vineyard Columbus , 10th Dist. No. 13AP-599, 2014-Ohio-2617, 2014 WL 2781594, ¶ 14, quoting Estate of Brewer v. Dowell & Jones, Inc. , 8th Dist. No. 80563, 2002-Ohio-3440, 2002 WL 1454069, ¶ 7, citing Ervin v. Am. Funding Corp. , 89 Ohio App.3d 519, 625 N.E.2d 635 (12th Dist. 1993).
IV. Law and Analysis
{¶ 10} Under R.C. 2711.02, a trial court can stay an action pending arbitration if the trial court is satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration. ACRS, Inc. v. Blue Cross & Blue Shield , 131 Ohio App.3d 450, 455, 722 N.E.2d 1040 (8th Dist. 1998).
{¶ 11} R.C. 2711.02(B) provides as follows:
If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.
A. Validity of the Arbitration Agreement
{¶ 12} As a general rule, a party to an action cannot be compelled into arbitration if that party has not agreed to submit the dispute to arbitration. AT & T Technologies, Inc., v. Communications Workers of Am. , 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). In ACRS, Inc. , the court held that, at the very least, the party seeking a stay must produce authenticated copies of the entire contract on which the motion to compel arbitration was based in order to provide the trial court with sufficient evidence of the existence of a written agreement to arbitrate the disputed claims. Id. at 457, 722 N.E.2d 1040.
{¶ 13} In her first assignment of error, Wolfe argues that, for a number of reasons, there is no valid agreement to arbitrate. First, she claims that JCPenney cannot show there was an agreement to arbitrate because the evidence submitted in support of their motion lacked proper *131 authentication by means of an affidavit. Wolfe contends that the declaration of Kesha Cole is not sufficient evidence under Ohio law which requires the use of an affidavit to authenticate evidentiary materials.
{¶ 14} Attached to the motion for a stay of proceedings was the declaration of Kesha Cole, the HR Operations Manager for JCPenney. Cole's declaration was sworn to and signed in the presence of a notary which is sufficient under Ohio law to qualify as an affidavit. In Ohio, an affidavit is a written declaration made under oath. R.C. 2319.02. In Toledo Bar Assn. v. Neller , 102 Ohio St.3d 1234, 2004-Ohio-2895, 809 N.E.2d 1152, ¶ 1, the Supreme Court of Ohio held that unsworn written statements signed under penalty of perjury could not be substituted for affidavits in Ohio. But "a written declaration made under oath before a proper officer qualifies as an 'affidavit.' " Id. at ¶ 24. Moreover, in JCPenney's "Memorandum in Opposition to Plaintiff's Renewed Jury Demand and Reply in Support of Defendant's Motion to Stay Proceedings," JCPenney submitted an affidavit from Kyle Kirkpatrick, Senior Human Resources Manager for JCPenney that also authenticated the agreement and the electronic signature page. (Sept. 26, 2017 Memo in Opp., Ex. 1.) Thus, the evidentiary materials provided by JCPenney were properly authenticated and considered by the trial court.
{¶ 15} Second, Wolfe contends that JCPenney has failed to establish how she signed the agreement and never provided a signed copy of the agreement to the trial court. Wolfe asserted in her own affidavit that "[t]o the best of her knowledge, she was never asked to sign nor did she ever sign an agreement to arbitrate any disputes that she had with her employer, J.C. Penney Co., Inc." (Wolfe Aff. at ¶ 3.) Wolfe's affidavit is equivocal in that she states that she never "knowingly" electronically signed the agreement and that "to the best of her knowledge" she had not had the agreement presented to her. (Wolfe Aff. at ¶ 3, 5.)
{¶ 16} The evidence submitted by JCPenney shows that Wolfe applied her electronic signature by clicking on a check box on June 7, 2016. Kyle Kirkpatrick submitted an affidavit that indicated JCPenney provided Wolfe with the agreement on June 6, 2016 through their associate kiosk. Wolfe was instructed to review the agreement and indicate by June 9, 2016 whether she accepted it by clicking the electronic signature box on the associate kiosk. JCPenney records showed that Wolfe signed the agreement and another JCPenney policy on June 7, 2016. On June 25, 2016, Kirkpatrick received a list of JCPenney employees who had not signed the agreement, and Wolfe's name was not on that list.
{¶ 17} Wolfe's act of electronically signing the form is sufficient to demonstrate that she agreed to arbitration. See Corl v. Thomas & King , 10th Dist. No. 05AP-1128, 2006-Ohio-2956, 2006 WL 1629740, ¶ 18 (Plaintiff's act of initialing and signing a form is sufficient to demonstrate she read and understood its terms and specifically agreed to binding arbitration as the sole and exclusive method of resolving employment disputes). In Ranazzi v. Amazon.com, Inc. , 6th Dist., 2015-Ohio-4411, 46 N.E.3d 213, ¶¶ 5, 11, the plaintiff agreed to arbitrate disputes by means of a click wrap agreement when he clicked on a computer screen prompt to signify his assent to the agreement. The court held that clicking is an acceptable method to manifest assent to the terms of an agreement, and when the plaintiff clicked "I agree" on a license agreement, he accepted the terms of the agreement. Id. at ¶¶ 12-13.
*132 {¶ 18} In Campinha-Bacote , the appellant averred in his affidavit that to the best of his knowledge and recollection, he never had an opportunity to review the terms of service prior to or during his online sign up for cable service. This court held that "appellant's lack of knowledge or memory in agreeing to the terms of service is disproven by the affidavit of AT & T's attorney that appellant would not have been able to register or access his services without accepting the terms of service during registration." Without more than the affidavit, this court found the evidence insufficient to show that he did not assent to the terms of service.
{¶ 19} After reviewing the evidence submitted by the parties, we find that Wolfe was presented with the agreement through the employee kiosk on June 6, 2016. She agreed to be bound by the agreement when she applied her electronic signature by clicking a check box on June 7, 2016. The trial court did not err in determining that the evidence was sufficient to support the motion to stay.
{¶ 20} Wolfe next argues that a provision in the agreement that allows JCPenney to modify the terms of the agreement renders the agreement illusory and unenforceable because there is no mutuality of obligation.
{¶ 21} With respect to modification, the agreement provides:
JCPenney reserves the right to modify this Program, and any such modification shall be in writing and delivered to you at least fourteen (14) days prior to the effective date of the modification; provided, however, that any future modification of this Program will not apply to claims that arose prior to the effective date of the modification. A dispute "arises" with respect to a particular claim at the time that the statute of limitations on that claim begins to run. Nothing in this section limits JCPenney's right to modify any policy, procedure, or business practice outside the provisions of this Program.
(Aug. 22, 2017 Mot. to Compel, Ex. C.)
{¶ 22} An arbitration provision is enforceable if the right of modification is limited by a notice or timing provision. In Morrison v. Circuit City Stores , 317 F.3d 646 (6th Cir.2003), a case cited by both Wolfe and JCPenney, the court applied Ohio law and determined that an arbitration provision was not unenforceable when a provision allowed Circuit City to alter or terminate the agreement on December 31 of each year upon giving 30 days' notice to its employees. Id. at 667-68.
{¶ 23} Here, Wolfe is not arguing that JCPenney actually modified the agreement. The plain language of the modification provision states that JCPenney could not and cannot apply any future modifications to Wolfe's claim. The modification provision was not a unilateral right to alter the agreement which would render the agreement unenforceable. "A contract is illusory only when by its terms the promisor retains an unlimited right to determine the nature or extent of his performance; the unlimited right, in effect, destroys his promise and thus makes it merely illusory." Century 21 Am. Landmark, Inc. v. McIntyre , 68 Ohio App.2d 126, 129-30, 427 N.E.2d 534 (1st Dist. 1980), citing 1 Williston on Contracts, Section 43 at 140 (3 Ed. 1957).
{¶ 24} The provision, as written, is enforceable.
{¶ 25} Wolfe's final argument under her first assignment of error is that the fee and cost shifting provisions that allow the arbitrator to award costs and attorney fees to the prevailing party are *133 unenforceable and render the entire agreement void.
{¶ 26} Under the provision entitled "Costs and Fees," the agreement provides that:
The expense of the arbitrator will be borne entirely by JCPenney. If you initiate the arbitration, you may be required to pay a filing fee of up to $250 or a fee equal to that for filing a claim in federal court in your jurisdiction, whichever is less, but in no circumstance will you be required to pay any administrative fees in excess of what you would otherwise be required to pay had the action been brought in court.
Each side will be entitled to use a representative, including one or more attorneys, at the arbitration. Each side will bear all costs, expenses and fees (including attorneys' fees) to the same extent as if the matter were being heard in court. If, however, any Party prevails on a claim, then the arbitrator may award reasonable fees and/or costs to a Party to the same extent as could a judge in court. The arbitrator will resolve any dispute as to who is the prevailing party and as to the reasonableness of any requested award of fees or costs.
(Memo in Support of Mot. to Compel, Ex. C at 6-7.)
{¶ 27} As can be seen above, in awarding fees and costs, including attorney fees, the arbitrator is bound by the same law that binds a court in determining whether to award fees and costs.
{¶ 28} Wolfe cites a number of cases from the Sixth Circuit for the proposition that one cannot recover attorney fees without specific negotiation of such a clause. E.g. , Colonel's Inc. v. Cincinnati Milacron Mktg. Co. , 6th Cir. No. 96-1243, 1998 WL 321061 (attorney fee provision in an agreement was not the product of specific fee and understanding negotiation and, accordingly, the provision was void as against the public policy of Ohio). However, this line of cases was overruled in Allied Indus. Scrap, Inc. v. OmniSource Corp. , 776 F.3d 452 (6th Cir.2015). In that case, the court stated the Supreme Court of Ohio in Wilborn v. Bank One Corp. , 121 Ohio St.3d 546, 2009-Ohio-306, 906 N.E.2d 396, "makes it clear that when not confronted with a direct statutory conflict, Ohio law will generally give effect to such fee-shifting provisions when there is no duress." Allied Indus. Scrap at 453.
{¶ 29} The syllabus in Wilborn states:
A provision in a residential-mortgage contract requiring a defaulting borrower to pay a lender's reasonable attorney fees as a condition of terminating pending lender-initiated foreclosure proceedings on a defaulted loan and reinstating the loan is not contrary to Ohio statutory or decisional law or against Ohio public policy.
{¶ 30} Wolfe's argument that the fee and cost shifting provisions are contrary to law is not well-taken.
{¶ 31} The first assignment of error is overruled.
B. Demand for Arbitration
{¶ 32} In her second assignment of error, Wolfe contends that the motion to stay should have been denied because JCPenney withdrew its motion to compel arbitration and it has not made a demand for arbitration. Without a demand for arbitration, Wolfe argues the trial court is precluded from issuing a stay of proceedings.
{¶ 33} Wolfe cites PS Commercial Play, LLC v. Harp Contrs., Inc. , 2d Dist. No. 27253, 2017-Ohio-4011, 2017 WL 2303649, for the proposition that a failure to make a demand for arbitration precludes a trial court from both issuing a stay of proceedings *134 and compelling arbitration. However, in Harp , the agreement contained a discretionary arbitration provision that had to be invoked by the defendant by serving a written demand within a reasonable time after the dispute had arisen. The court found that the defendant had waived its right to arbitrate by failing to file a demand for arbitration within a reasonable time. No such provision exists in this case.
{¶ 34} In Ohio Plumbing, Ltd. , the plaintiff argued that, because the defendant did not initiate arbitration proceedings prior to filing its motion for a stay, no stay was appropriate. The court held that there is no requirement under R.C. 2711.02(B) that a defendant must initiate arbitration proceedings before it can seek a stay of litigation pending arbitration. Id. at ¶ 19. See also , Pyle at ¶¶ 8, 26, in which a motion for a stay was upheld even after a motion to compel arbitration was formally withdrawn.
{¶ 35} In Winters v. Premier Warranty Group, Inc. , 5th Dist. No. 2005 CA 0034, 2006-Ohio-58, 2006 WL 39103, the trial court denied a motion to stay proceedings pending arbitration on the grounds that the party had not filed a demand for arbitration. Id. at ¶ 10. The appellate court found that there was not a statutory requirement in R.C. 2711.02(B) that a party do so before requesting a stay. The court noted that the statute only requires that a party file an application to stay the case, and that the trial court be satisfied that the matter is referable to arbitration.
{¶ 36} The determination as to whether an issue can be referred to arbitration depends on the specific language in the agreement. Here, the arbitration agreement states, in pertinent part:
This Program applies without limitation, to any claim, controversy, or dispute between you and JCPenney arising out of the terms and conditions of your employment, past, present, or future, as to which a court would be authorized by law to grant relief if the claim were successful.
(Ex. C at 3.) A claim of age discrimination falls within the parameters of the agreement.
{¶ 37} The trial court did not err in granting the motion to stay when JCPenney had not filed a demand for arbitration.
{¶ 38} The second assignment of error is overruled.
C. Jury Trial
{¶ 39} In her third assignment of error, Wolfe asserts that the trial court erred in not submitting the motion to stay to a jury.
{¶ 40} While a motion to compel arbitration requires a hearing according to R.C. 2711.03, one is not required for a motion to stay under R.C. 2711.02. Maestle v. Best Buy Co. , 100 Ohio St.3d 330, 2003-Ohio-6465, 800 N.E.2d 7, ¶ 19 ; Davis v. Beggs, 10th Dist. No. 08AP-432, 2008-Ohio-6311, 2008 WL 5104808, ¶ 8 ; Pyle at ¶ 21. Although R.C. 2711.03 contains a requirement for a hearing when a party files a motion to compel arbitration, JCPenney withdrew its motion to compel and, thus, this provision is inapplicable. The law is the same under the federal statute. Maestle at ¶ 20.
{¶ 41} Accordingly, we overrule the third assignment of error.
V. Disposition
{¶ 42} Having overruled the three assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRUNNER and HORTON, JJ., concur.